The order below is hereby signed.

Signed: January 03, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LYNN E. CATOE-EMERSON, | ) | Case No. 08-00844 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER DENYING REQUEST
FOR TEMPORARY WAIVER OF THE CREDIT COUNSELING
<u>REQUIREMENT OF 11 U.S.C. § 109(h) AND TO SHOW CAUSE</u>

Section 109(h) of 11 U.S.C. provides that all individuals filing for bankruptcy must obtain an individual or group briefing that outlines the opportunities for available credit counseling and assists the individual in performing a related budget analysis from an approved non-profit budget and credit counseling agency during the 180-day period preceding the date of the filing of the individual's petition.  11 U.S.C. § 109(h)(1).

Pursuant to 11 U.S.C. § 109(h)(3)(A), the court can waive this requirement temporarily if (i) the debtor certifies that there are exigent circumstances that merit a waiver of the credit counseling requirement, (ii) the debtor certifies that she requested credit counseling services from an approved non-profit

budget and credit counseling agency before she filed her petition, but was unable to obtain the necessary services within five days of the request, and (iii) the court finds good cause to grant the waiver.  This exemption applies only for the first thirty days following the filing of the debtor's petition, although the court may grant a fifteen day extension of the exemption for cause.  11 U.S.C. § 109(h)(3)(B).

On her exhibit D to the voluntary petition, the debtor has requested a temporary waiver of the credit counseling requirement based on exigent circumstances (Docket Entry ("DE") No. 21).  The debtor has identified the credit counseling agency that she allegedly contacted prior to the filing of the petition, and she has explained her exigent circumstances as follows:

> The attorney for a client to whom I owe money has scheduled a Court hearing for 2/2/09.  The hearing would attempt to force me to pay the client Now.  The bankruptcy hearing requested would preempt the solicitor's case.

Thus, it appears that the debtor filed this case to prevent a February 2, 2009 hearing from going forward (along with any legal consequences that might flow from such a hearing), and that this is the event the debtor contends gives rise to an exigent circumstance warranting a temporary waiver of the prepetition credit counseling requirement.  The debtor filed this bankruptcy case on December 22, 2008, however, forty-two days before the hearing in question was scheduled to occur.  "[T]he word

2

'exigent' refers to something that is 'urgent' or that requires 'immediate action or aid.'" In re Giambrone, 365 B.R. 386, 389 (Bankr. W.D.N.Y. 2007) (citing 1 THE SHORTER OXFORD ENGLISH DICTIONARY 652 (C.T. Onions ed., 1970); WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE 796 (Unabridged, Phillip Babcock Grove et al. eds., 1993); RANDOM HOUSE UNABRIDGED DICTIONARY 678 (Stuart Berg Flexner ed., 2d ed. 1993)).  Although reasonable people may disagree on exactly how urgent a situation must be to constitute an "exigent" circumstance, by any measure, an event that is scheduled to take place forty-two days hence does not qualify as an exigent circumstance for purposes of a temporary waiver of the prepetition credit counseling requirement of § 109(h).  Consistent with this view, section 109(h) provides that even if a temporary waiver is granted based upon exigent circumstances, debtors are nevertheless required to obtain the requisite counseling within 30 days after the filing of the petition.[1]  Thus, even if the court were to grant the requested temporary waiver, the debtor would still be required to obtain credit counseling before February 2, 2009.  Accordingly, the court concludes that the debtor has failed to identify an exigent circumstance warranting a temporary waiver of the prepetition

---

[1] Section 109(h) permits the court to grant an additional 15-day extension for cause.  The debtor has not requested any such additional extension, nor has the debtor suggested that credit counseling services are so far beyond her reach that she would require more than 30 days to obtain such counseling.

credit counseling requirement in this bankruptcy case.  It is thus

ORDERED that the debtor's request for a temporary waiver of the prepetition credit counseling requirement (DE No. 21) is DENIED.  It is further

ORDERED that within 7 days after entry of this order, the debtor shall either demonstrate compliance with the prepetition credit counseling requirement of 11 U.S.C. § 109(h) or show cause, by a writing filed with the court, why this case ought not be dismissed based upon the debtor's ineligibility to be a debtor in bankruptcy.

[Signed and dated above.]

Copies to:
Debtor; Chapter 7 Trustee; Office of United States Trustee.